**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REGINAL C. TONEY,

      Plaintiff - Appellant,

vs.

ANDREW CUOMO, Secretary of the
United States Department of Housing
and Urban Development,

      Defendant - Appellee.

No. 00-3102
(D.C. No. 98-CV-2478-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT***

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.**

      Plaintiff-Appellant, Reginal Toney, appeals from the district court's order

granting summary judgment in favor of defendant ("HUD") in Mr. Toney's Title

VII action claiming failure to promote on the basis of race and retaliation. Mr.

Toney alleged that he was not promoted to Voucher Processing Hub Team Leader

---

     * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

based upon his race and was not promoted to Voucher Processing Hub Director based upon race and in retaliation for filing an EEO complaint regarding the former position. He also claims that HUD retaliated against him by losing a Report of Investigation (ROI) with respect to his EEO complaint. On appeal, Mr. Toney essentially renews the arguments made before the district court.

In conducting our de novo review of the district court's summary judgment order, we have evaluated the parties' submissions in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in Celotex v. Catrett, 477 U.S. 317 (1986), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and the framework contained in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Our review confirms that Mr. Toney did not did not present sufficient evidence of pretext to challenge the legitimate non-discriminatory reasons for HUD's actions concerning the positions in question. We therefore affirm on that basis. Insofar as the alleged retaliation based upon HUD's loss of the ROI, we are doubtful that the loss, in and of itself, constitutes "adverse employment action" even given this circuit's liberal interpretation of the term, see Jeffries v. Kansas, 147 F.3d 1220, 1231-32 (10th Cir.1998); regardless, we affirm on the grounds that Mr. Toney did not establish a prima facie case, i.e. no causal connection between the protected activity and the alleged adverse employment action. See Perry v. Woodward, 199 F.3d 1126, 1141 n.12 (10th Cir. 1999).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge